

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-85,047-01

### EX PARTE BENJAMIN JEROME PRINCE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 52059-A*1 IN THE 30TH DISTRICT COURT
### FROM WICHITA COUNTY

*Per curiam*. ALCALA, J., filed a concurring opinion in which JOHNSON and RICHARDSON, JJ., joined. YEARY, J., filed a concurring opinion in which KEASLER and HERVEY, JJ., joined.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder and sentenced to life imprisonment. The Eighth Court of Appeals affirmed his conviction. *Prince v. State*, No. 08-12-00290-CR (Tex. App. — El Paso, October 17, 2014) (not designated for publication).

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance because trial counsel failed to seek a hearing to determine whether State's witness Nicole Grant was competent to testify, failed to object when the prosecutor led witness Grant throughout her direct examination, provided defense expert Dr. Carter with inaccurate information regarding the intent requirement for capital murder, asked Dr. Carter not to file a report of his findings, and presented testimony from Dr. Carter that was not helpful to the defense.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: June 29, 2016
Do not publish